# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**JEREMY DARNELL MORTON**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:08-CR-287**

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

### Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was convicted in the 60th District Court, Muskegon, MI, by pleas of guilty, to having open alcohol in a motor vehicle, and to allowing an unlicensed person to operate a motor vehicle, for incidents that occurred on October 13, 2013.  Defendant did not tell his probation officer about these incidents.  Defendant failed to report these incidents or convictions in his monthly report forms.   (continued on attachment)

### Part II – Written Statement of Reasons for Detention

Defendant has failed to satisfy his burden that he is not a risk of further danger to the community, because he cannot be adequately supervised by the probation office.  The probation office can only supervise individuals who are willing to cooperate with it.  When persons on supervised release repeatedly fail to account for their activities, it is impossible to maintain control over them and to protect the community, despite the fact that the court has placed its trust in these persons.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 5, 2014

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Jeremy Darnell Morton
1:08-CR-287
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B) -** (continued)

On April 1, 2014, defendant failed to tell his probation officer about police contact in February 2014 regarding a traffic stop.  When confronted about this, he claimed "he thought he only had to report contact if he were charged with an offense."  He was then asked if he had had police contact for any incident other than the February 2014 one, and he claimed he had not.  Thus, he again failed to make his probation officer aware of his convictions in November 2013, although he clearly knew that he had been charged with offenses in 2013.